IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN DENNIS CLAYTON ANTHONY, <br> TDCJ-CID No. 01846242, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:25-CV-194-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PETITION FOR HABEAS CORPUS and MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL**

Petitioner John Dennis Clayton Anthony filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a Motion for Leave to File Out of Time Appeal. (ECF 4). Having considered the petition, the motion, the record and applicable authorities, the Court concludes that Anthony's motion and his habeas petition should be DENIED for the reasons set forth below.

**I. FACTUAL BACKGROUND**

In 2009, Anthony pleaded guilty to a charge of aggravated sexual assault of a child younger than fourteen years old in exchange for the state's recommendation of deferred adjudication. *See Anthony v. State*, 494 S.W.3d 106, 107 (Tex. Crim. App. 2016). Accepting the plea agreement, the trial court placed Anthony on an eight-year term of deferred-adjudication community supervision. (*Id*.) In 2013, the state moved to adjudicate, alleging that Anthony violated the terms of his community supervision. (*Id*.). The trial court found the violations true, found Anthony guilty, and sentenced him to life imprisonment. (*Id*.).

On February 12, 2015, the Seventh Court of Appeals of Texas reversed the trial court's judgment based on ineffective assistance of counsel grounds. *See Anthony v. State*, 457 S.W.3d 548, 553 (Tex. App.—Amarillo 2015). The court of appeals concluded that Anthony's counsel

was deficient for providing incorrect legal advice to Anthony on the range of punishment applicable to the offense charged. *Id*. On June 15, 2016, however, the Texas Court of Criminal Appeals reversed the court of appeals, reformed the judgment as to the victim's age, and reinstated the trial court's judgment as reformed. *Anthony*, 494 S.W.3d at 109. Anthony did not file a state habeas application. (ECF 3 at 6).

Anthony filed this federal petition on August 15, 2025. (ECF 3 at 15); *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal petition is deemed filed on the date it is placed in the prison mail system). He also filed his Motion for Leave, asking the Court to allow him to file his petition outside the one-year statute of limitations mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II. LEGAL ANALYSIS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection. 28 U.S.C. § 2244(d)(1)-(2).

Anthony's conviction became final on September 13, 2016, when the period for timely filing a petition for writ of certiorari with the U.S. Supreme Court expired. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when filed within 90 days after entry of judgment). Consequently, the one-year period for Anthony to timely file a federal habeas petition expired on September 13, 2017, absent tolling.[1]

Anthony appears to argue that he is entitled to equitable tolling of the limitations period because he was unaware of his right to seek federal habeas relief until he was informed by a fellow prisoner. (ECF 4). A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). Equitable tolling applies principally when the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights.

---

[1] Anthony does not allege that a state-created impediment prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, the provisions of §§ 2244(d)(1)(B)-(D) do not change the accrual date for his claims.

*Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

First, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Anthony simply states that he was unaware of his right to pursue federal habeas relief until another prisoner informed him. (ECF 4 at 1). While he seeks to raise ineffective assistance of counsel claims applicable to both his guilty plea and revocation of his deferred adjudication, such claims are untimely as to both proceedings. Anthony has provided no evidence that he diligently pursued his rights, and "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Alexander*, 294 F.3d at 629 (quoting *Fisher*, 174 F.3d at 714); *see also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) ("neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling"). Similarly, neither proceeding *pro se*, nor a deficient prison law library, nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). For the reasons stated above, Anthony's request for equitable tolling should be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under Section 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district

court rejected constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Anthony's Section 2254 motion on procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (*citing Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Anthony is not entitled to a certificate of appealability.

## IV. Recommendation

For the reasons stated above, the United States Magistrate Judge recommends that Anthony's Motion for Leave be DENIED, his petition for a writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED.

## V. Instructions for Service

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 16, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).