IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN DENNIS CLAYTON ANTHONY,

Petitioner,

v.

2:25-CV-194-Z-BR

DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

Respondent.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 7, "FCR") to deny the Petition for a Writ of Habeas Corpus (ECF No. 3, "Petition") and Motion for Leave to File Out of Time Appeal (ECF No. 4, "Motion") filed by the petitioner in this case. An Objection to the FCR has been filed. ECF No. 8. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Petitioner's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED**, the Motion (ECF No. 4) is **DENIED**, and the Petition is **DISMISSED**.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the

fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

### ANALYSIS

Petitioner filed an Objection to the Magistrate's FCR. ECF No. 8. The fourteen-day window to file the Objection expired on December 30, 2025. FED. R. CIV. P. 72(b)(2). While the Objection was postmarked January 3, 2026, the Objection indicates that it was signed on December 30—the day it was due. ECF No. 8. Even though the Objection does not specifically allege that it was turned over to prison authorities for mailing on that date, the Court will give the pro se prisoner the benefit of the doubt and assume it was. Thus, the Objection is considered timely. *See Rasberry*, 993 F.2d at 515. Accordingly, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

First, Petitioner objects to the Magistrate Judge issuing findings, conclusions and recommendation. ECF No. 8 Petitioner's first Objection is **OVERRULED**. A District Judge may refer pre-trial matters to a Magistrate Judge for a recommendation without the consent of the parties. *See Carter v. Dir., TDCJ-CID*, No. 2:21CV421, 2023 WL 8587252, at *1 (E.D. Tex. Dec. 11, 2023) (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002)). Accordingly, Petitioner's objection to the Magistrate Judge issuing a recommendation is without merit.

Second, Petitioner objects that he was unable to provide evidence that he allegedly hired an attorney in 2015 who "did nothing . . . in regard to [Petitioner's] case." ECF No. 8. Petioner's second Objection is **OVERRULED**. This, at most, is another argument on the merits of the ineffective assistance of counsel claims that Petitioner seeks to raise. It does

not rebut the FCR's finding that 28 U.S.C. § 2244(d) imposes a one-year statute of limitations, which has expired here and isn't subject to equitable tolling. ECF No. 7 at 2–5. Like the claims Petitioner wishes to raise through his petition, the statute of limitations on this claim has long passed. To the extent the Objection argues equitable tolling should be applied to this apparently new allegation, Petitioner presents no argument other than his original argument that he did not know until recently he could file a federal habeas petition. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). The Magistrate Judge correctly did not grant Petitioner's requests for an extension of his deadline to file this Petition on his original requests. ECF No. 7 at 2 –4. Equally here, Petitioner is not entitled to an extension of the deadline.

Third, Petitioner objects that he did not receive the Magistrate's FCR until December 30, 2025. Petitioner's third Objection is **OVERRULED**. As discussed above, the Court gave Petitioner credit for an effective filing date of December 30 and considered his Objection timely. The date he received the FCR did not prevent him from filing timely objections.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 7) is **ADOPTED**, the Motion for Leave to File Out of Time Appeal (ECF No. 4) is **DENIED**, and the Petition for a Writ of Habeas Corpus is **DISMISSED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional

right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

January 23, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE